UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JIMMIE LEON GORDON,

        Petitioner,

v.                                        CASE NO. 08-10771
                                        HONORABLE NANCY G. EDMUNDS

BLAINE C. LAFLER,

        Respondent.
                                      /

**ORDER GRANTING PETITIONER'S MOTION FOR A STAY,
VACATING THE ORDER FOR RESPONSIVE PLEADING,
AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

Petitioner Jimmie Leon Gordon has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for first-degree murder, felonious assault, and felony firearm. The habeas petition alleges that (1) there was insufficient evidence to support the murder conviction, (2) Petitioner was entitled to an imperfect self-defense theory, (3) the prosecutor committed misconduct, (4) the trial court erred by instructing the jury on a state-of-mind inference and by not instructing the jury on voluntary manslaughter, (5) there was an unauthorized communication with the jury during deliberations, and (6) Petitioner was denied his right to effective assistance of counsel.

Currently pending before the Court is Petitioner's motion for a stay and abeyance of these proceedings. Petitioner seeks to return to state court to raise two additional issues regarding the Detroit Police Department's handling of evidence and the trial court's alleged bias.

State prisoners are required to exhaust available state remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion doctrine requires prisoners to "invok[e] one complete round of the State's established appellate review process," including a petition for discretionary review in the state's supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847 (1999).

Petitioner alleges that he exhausted state remedies for his pending claims, but not for his two new claims. Courts ordinarily may not adjudicate habeas petitions containing both exhausted and unexhausted claims, *Rose v. Lundy,* 455 U.S. 509, 522 (1982), and a dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

> As a result of the interplay between [the] 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Rhines v. Weber*, 544 U.S. 269, 275 (2005). In light of this dilemma, courts may hold a habeas petition in abeyance while the petitioner returns to state court; after the petitioner exhausts state remedies for his previously unexhausted claims, the court can lift the stay and allow the petitioner to proceed in federal court. *Id*. at 275-76.

Stay and abeyance are appropriate, however, only if (1) there was good cause for the petitioner's failure to exhaust state remedies for his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive

2

litigation tactics or intentional delay. *Id*. at 277-78. Petitioner does not appear to be engaged in abusive litigation tactics or intentional delay, and his claims are not plainly meritless. As for his failure to exhaust state remedies earlier, Petitioner purports to have new evidence that the Detroit Police Department's crime lab was fabricating evidence about firearms.

The Court concludes that it is not an abuse of discretion to hold this case in abeyance. Accordingly, Petitioner's motion for a stay and abeyance [Doc. 4, June 16, 2008] is **GRANTED**. The stay is conditioned on Petitioner filing a motion for relief from judgment in the trial court within **ninety (90) days** of the date of this order. If he is unsuccessful in state court and wishes to return here, he shall file a motion to re-open this case within **ninety (90) days** of exhausting state remedies for all his claims. The order for responsive pleading [Doc. 2, Mar. 5, 2008] is **VACATED**, and the Clerk of Court is **ORDERED** to close this case for administrative purposes.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 7, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 7, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager